Ray P. Cox, WSBA #16250
Micah R. Steinhilb, OSB #084820
Forsberg & Umlauf, P.S.
rcox@foum.law
msteinhilb@foum.law
901 Fifth Ave., Suite 1400
Seattle, WA  98164
Telephone:  (206) 689-8500

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    vs.<br><br>AQUATHERM GmbH, AQUATHERM L.P., CLARK FAMILY HOLDINGS, L.C., AQUATHERM, INC., AETNA NA, L.C., HARRINGTON INDUSTRIAL PLASTICS LLC and RIDGELINE MECHANICAL SALES, LLC,<br><br>            Defendants. | Case No. 3:21-cv-00335-JAR<br><br>**DEFENDANT RIDGELINE MECHANICAL SALES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT HARRINGTON INDUSTRIAL PLASTICS, LLC'S CROSS-CLAIMS** |

Defendant Ridgeline Mechanical Sales, LLC [hereinafter "Ridgeline"], by and through its undersigned attorneys, provides the following Answer and Affirmative Defenses to Defendant Harrington Industrial Plastics, LLC's ["hereinafter Harrington"] Cross-Claim as follows:

## **CROSS-CLAIMS**

1.

In response to Paragraph 1 of Harrington's Cross-Claims, Ridgeline states, on information and belief, admits.

Ridgeline Mechanical Sales, LLC's Answer and Affirmative Defenses
to Defendant Harrington Industrial Plastics, LLC's Cross-Claims – 1
Case No. 3:21-cv-00335-JAR

2977289 / 3510.0445

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

2.

In response to Paragraph 2 of Harrington's Cross-Claims, Ridgeline states, on information and belief, admits.

3.

In response to Paragraph 3 of Harrington's Cross-Claims, Ridgeline is without knowledge sufficient to form a basis as to the truth or falsity of the allegations therein, and therefore denies said allegation, putting Harrington to its proof.

4.

In response to Paragraph 4 of Harrington's Cross-Claims, Ridgeline states, on information and belief, admits.

5.

In response to Paragraph 5 of Harrington's Cross-Claims, Ridgeline states it is a Montana limited liability corporation and has done business in the State of Oregon. Except to the extent so stated, Ridgeline is without knowledge sufficient to form a basis as to the truth or falsity of the allegations therein, and therefore denies said allegation, putting Harrington to its proof.

6.

In response to Paragraph 6 of Harrington's Cross-Claims, Ridgeline states, on information and belief, admits.

7.

In response to Paragraph 7 of Harrington's Cross-Claims, Ridgeline states, on information and belief, the allegations of the first sentence are admitted. Except to the extent so admitted, Ridgeline is without knowledge sufficient to form a basis as to the truth or falsity of the remaining allegations therein, and therefore denies said allegation, putting Harrington to its proof.

Ridgeline Mechanical Sales, LLC's Answer and Affirmative Defenses to Defendant Harrington Industrial Plastics, LLC's Cross-Claims – 2
Case No. 3:21-cv-00335-JAR

2977289 / 3510.0445

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

8.

In response to Paragraph 8 of Harrington's Cross-Claims, Ridgeline states, on information and belief, admits with the exception of reference to Aetna.  As to the allegations reference to Aetna, Ridgeline is without knowledge sufficient to form a basis as to the truth or falsity of the allegations therein, and therefore denies said allegation, putting Harrington to its proof.

## II.  JURISDICTION AND VENUE

9.

In response to Paragraph 9 of Harrington's Cross-Claims, Ridgeline states, on information and belief, admits.

## III.  FACTUAL BACKGROUND

10.

In response to Paragraph 10 of Harrington's Cross-Claims, Ridgeline states, on information and belief, admits.

11.

In response to Paragraph 11 of Harrington's Cross-Claims, Ridgeline admits the allegations contained in first and fifth sentences therein.  Except to the extent so admitted, Ridgeline is without knowledge sufficient to form a basis as to the truth or falsity of the remaining allegations therein, and therefore denies said allegation, putting Harrington to its proof.

12.

In response to Paragraph 12 of Harrington's Cross-Claims, Ridgeline states, on information and belief, admits with the exception of reference to Aetna.  As to the allegations reference to Aetna, Ridgeline is without knowledge sufficient to form a basis as to the truth or falsity of the allegations therein, and therefore denies said allegation, putting Harrington to its proof.

Ridgeline Mechanical Sales, LLC's Answer and Affirmative Defenses
to Defendant Harrington Industrial Plastics, LLC's Cross-Claims – 3
Case No. 3:21-cv-00335-JAR

2977289 / 3510.0445

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

13.

In response to Paragraph 13 of Harrington's Cross-Claims, Ridgeline states, on information and belief, admits with the exception of reference to Aetna. As to the allegations reference to Aetna, Ridgeline is without knowledge sufficient to form a basis as to the truth or falsity of the allegations therein, and therefore denies said allegation, putting Harrington to its proof.

## IV. CROSS-CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

**(Common Law Indemnity Against Aquatherm GmbH, Aetna, Aquatherm, Inc.**

**Clark Family Holdings, L.C., Aquatherm L.P. and Ridgeline)**

14.

In response to Paragraph 14 of Harrington's Cross-Claims, Ridgeline re-alleges and incorporates its responses above in paragraphs 1 – 13 herein as if set forth in full.

15.

In response to Paragraph 15 of Harrington's Cross-Claims, Ridgeline admits Aquatherm GmbH is the sole manufacturer of Aquatherm PP-R. To the extent any allegations therein are directed to Ridgeline, denied. To the extent said allegations are directed to others, Ridgeline is without knowledge sufficient to form a basis as to the truth or falsity of the allegations therein, and therefore denies said allegation, putting Harrington to its proof.

16.

In response to Paragraph 16 of Harrington's Cross-Claims, Ridgeline states, on information and belief, admits.

17.

In response to Paragraph 17 of Harrington's Cross-Claims, to the extent any allegations

Ridgeline Mechanical Sales, LLC's Answer and Affirmative Defenses
to Defendant Harrington Industrial Plastics, LLC's Cross-Claims – 4
Case No. 3:21-cv-00335-JAR

2977289 / 3510.0445

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

therein are directed to Ridgeline, denied. To the extent said allegations are directed to others, Ridgeline is without knowledge sufficient to form a basis as to the truth or falsity of the allegations therein, and therefore denies said allegation, putting Harrington to its proof.

18.

In response to Paragraph 18 of Harrington's Cross-Claims, to the extent any allegations therein are directed to Ridgeline, denied. To the extent said allegations are directed to others, Ridgeline is without knowledge sufficient to form a basis as to the truth or falsity of the allegations therein, and therefore denies said allegation, putting Harrington to its proof.

19.

In response to Paragraph 19 of Harrington's Cross-Claims, to the extent any allegations therein are directed to Ridgeline, denied. To the extent said allegations are directed to others, Ridgeline is without knowledge sufficient to form a basis as to the truth or falsity of the allegations therein, and therefore denies said allegation, putting Harrington to its proof.

**SECOND CAUSE OF ACTION**

**(Contribution Against Aquatherm GmbH, Aetna, Aquatherm, Inc. Clark Family Holdings, L.C., Aquatherm L.P., and Ridgeline)**

20.

In response to Paragraph 20 of Harrington's Cross-Claims, Ridgeline re-alleges and incorporates its responses above in paragraphs 1 – 19 herein as if set forth in full.

21.

In response to Paragraph 21 of Harrington's Cross-Claims, to the extent any allegations therein are directed to Ridgeline, denied. To the extent said allegations are directed to others, Ridgeline is without knowledge sufficient to form a basis as to the truth or falsity of the allegations

Ridgeline Mechanical Sales, LLC's Answer and Affirmative Defenses to Defendant Harrington Industrial Plastics, LLC's Cross-Claims – 5
Case No. 3:21-cv-00335-JAR

2977289 / 3510.0445

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

therein, and therefore denies said allegation, putting Harrington to its proof.

## V. AFFIRMATIVE DEFENSES

1.      Harrington has failed to state a cause of action upon which relief can be granted against Ridgeline.

2.      Harrington's injuries, loss, and damages, if any were proximately caused by the acts or omissions of some third-party, including those not under the direction, supervision or control of Ridgeline and for whom Ridgeline bears no liability or responsibility whatsoever.  Said other third-party may include SERA Architect, Inc., Interface Engineering, Howard S. Wright, Stantec Consulting Services, Inc., McKinstry Co., LLC, Paschal Engineering & Forensic Consulting; Aquatherm Holdings LC, Aquatherm Corp, Aquatherm LLC, Aquatherm Besitzgesellschaft, and any plumbing subcontractor contracted to others who performed plumbing services related to the installation of pipe at the Edith Green Wendall Wyatt building whose identity is presently unknown to Ridgeline.

3.      Harrington's injuries, loss, and damages, if any were proximately caused by the acts or omissions of Harrington and other named parties and not by any acts or omissions of Ridgeline.

4.      To the extent negligence or tort-based claims are proper in this matter, Harrington's damages, if any, were caused in whole and in part by the negligent acts or omissions of other parties.  Ridgeline is entitled to have an apportionment of fault among all responsible parties and non-parties.  Ridgeline identifies Paschal Engineering & Forensic Consulting and all other named defendants and any plumbing subcontractor contracted to others whose identity is presently unknown to Ridgeline as potential responsible parties.

5.      Harrington has failed to mitigate its injuries, loss, and damages, if any, and all

Ridgeline Mechanical Sales, LLC's Answer and Affirmative Defenses
to Defendant Harrington Industrial Plastics, LLC's Cross-Claims – 6
Case No. 3:21-cv-00335-JAR

2977289 / 3510.0445

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

claims are subject to the doctrine of avoidable consequences.

6.    Harrington's damages are subject to the economic loss rule and the completion and acceptance doctrine.

7.    Harrington's claims are barred by the applicable statutes of limitations, statute of repose and by contract provisions.

8.    Waiver and estoppel.

9.    Limited warranty.

10.    Harrington assumed the risks of its actions, conduct or delay.

11.    Ridgeline is informed and believes, and thereon alleges, that Harrington has failed to join all necessary and indispensable parties to this lawsuit.

12.    Ridgeline is informed and believes, and thereon alleges, that the injuries and damages of which Harrington complains were proximately caused, or contributed to, by the acts of other defendants, persons, and/or other entities, and that said acts were an intervening and superseding cause of the injuries and damages, if any, which Harrington complains, thus barring Harrington from any recovery against Ridgeline.

13.    Ridgeline alleges that if there was any defect in the plumbing products referred to by Harrington that such defect were latent and/or not known to Ridgeline during the time of purchase by Harrington.

14.    Ridgeline alleges that Harrington's claims are improperly based upon extrapolation.

15.    Ridgeline alleges that no privity exists between Harrington and Ridgeline Mechanical Sales, LLC.

16.    Ridgeline alleges that Harrington's damages, if any, are subject to an offset in the

Ridgeline Mechanical Sales, LLC's Answer and Affirmative Defenses
to Defendant Harrington Industrial Plastics, LLC's Cross-Claims – 7
Case No. 3:21-cv-00335-JAR

2977289 / 3510.0445

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

amount of any reimbursement received as a result of any insurance or settlement of other parties, or any amounts paid for or by any insurer or other party.

17.    Ridgeline adopts and incorporates by referenced any affirmative defenses of any co-defendant as may be applicable to it.

18.    Ridgeline alleges that it is excused, in whole or in part, from any obligation, damage, loss or liability under the principles of comparative fault.

19.    Harrington may lack standing to bring claims and/or its claims may be barred by the doctrine of *ultra vires*.

## VI.  RESERVATIONS

1.    Ridgeline reserves the right to amend its pleadings and to join additional persons or entities as parties as warranted by information obtained through the ongoing discovery process.

2.    Ridgeline reserves the right to amend its pleadings by adding affirmative defenses, cross-claims, counterclaims, or by adding additional parties as facts are obtained through investigation and discovery.

## PRAYER FOR RELIEF

Wherefore having fully answered the allegations in Harrington's Cross-Claims, Ridgeline Mechanical Sales, LLC prays:

1.    That Harrington's Cross-Claims against Ridgeline be dismissed with prejudice and with attorney's fees and costs awarded.

2.    That Ridgeline's pleadings be amended to conform to proof offered at the time of trial.

3.    That Ridgeline recovers its costs, expenses, and attorney's fees incurred in defending against Harrington's Cross-Claims.

Ridgeline Mechanical Sales, LLC's Answer and Affirmative Defenses
to Defendant Harrington Industrial Plastics, LLC's Cross-Claims – 8
Case No. 3:21-cv-00335-JAR

2977289 / 3510.0445

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4.      Where applicable, Ridgeline seeks contribution from all other parties and for fault allocations against all non-parties and to the maximum extent allowable by law or equity for indemnity against all responsible parties, including implied in fact, contractual, and equitable indemnity.

5.      For such other relief as the Court deems just and equitable.

DATED this 18th day of June, 2021.

FORSBERG & UMLAUF, P.S.

_s/Ray P. Cox_____
Ray P. Cox, WSBA #16250
Micah R. Steinhilb, OSB #050331
Attorneys for Defendant Ridgeline Mechanical
Sales, LLC

Ridgeline Mechanical Sales, LLC's Answer and Affirmative Defenses
to Defendant Harrington Industrial Plastics, LLC's Cross-Claims – 9
Case No. 3:21-cv-00335-JAR

2977289 / 3510.0445

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX